Eder, J.
Motion to review and annul determination of respondents denying petitioner a certificate of eviction and directing its issuance, is granted.
The petitioner is an honorably discharged veteran of the armed forces of the United States. On July 21, 1948, he purchased the premises in question, a two-family house, situated in Elmont, Queens County, New York City, in which he now seeks to reside with his wife.
At the time the application was made for a certificate of eviction he resided and still resides with his wife at 829 Lafayette Avenue, Brooklyn, occupying a three-room apartment on the fourth floor of said premises, which is a sixteen family walk-up apartment house.
The purchase price of said premises was $8,500 of which $2,500 was paid in cash. This cash payment represented all of the petitioner’s funds which had been accumulated by him in the course of his employment and his service in the armed forces and into these savings went all of the allotments granted by the United States Army and his mustering-out pay. The petitioner’s present funds are now completely exhausted. The premises were not purchased for investment but to obtain adequate dwelling quarters and the imperative need for their occupancy by the petitioner is, in my opinion, fully shown.
The petition discloses that the present apartment is located in the heart of what is commonly known as a racially mixed neighborhood in which the petitioner and his wife can no longer reside with any degree of safety and that lawless elements are very prevalent in that neighborhood; that on more than one occasion the petitioner’s wife, who is a young woman, has been molested and threatened at night, on her way home from her employment, and even during the course of an occasional stroll on the streets.
*1039 The petition also discloses that since the petitioner’s discharge from the army, over three years ago, he has assiduously endeavored to obtain other housing accommodations, but by reason of his limited financial resources was unable to rent or purchase such accommodations until he found the present premises which are the basis of this application.
The petition also discloses that in the aforementioned neighborhood in which he presently resides there exists a strain and tension of racial groups creating conditions of strife, unrest and lawlessness.
The application for a certificate of eviction was denied on the ground that no compelling necessity for the premises was shown.
The matters referred to in the petition were presented to the respondents on the application for the certificate of eviction.
Do the facts and conditions set forth constitute “ compelling necessity ” in the situation shown? I am of opinion they do.
This phrase ‘ ‘ compelling necessity ’ ’ is one of comparatively recent origin and no governing definition by the Court of Appeals or by the Appellate Division has come to my attention.
The word “ necessity ” does not have a fixed character but has varying degrees of meaning. In speaking of the word “ necessary ”, the United States Supreme Court said, in M’Culloch v. Maryland (4 Wheat. [U. S.] 316, 414): “ It has not a fixed character peculiar to itself. It admits of all degrees of comparison; and is often connected with other words, which increase or diminish the impression the mind receives of the urgency it imports. ’ ’
In the light of this statement I am of opinion that ‘ ‘ necessity ’ ’ means a state or condition imperatively demanding relief, and that “ compelling ” means something definitely needful, something essentially required by the nature of things or circumstances.
Of course, whether compelling necessity exists depends upon the facts and circumstances of each particular case. Based upon the record presented it is my conclusion, after thoughtful reflection and due consideration, that compelling necessity has been shown by the petitioner, viewing and appraising the aforementioned facts, circumstances and conditions- in the light of reality.
Therefore, I reach the ultimate conclusion that the determination of the respondents denying the petitioner a certificate of eviction was unreasonable and must be viewed as arbitrary and capricious.
Settle order.